UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAMON IVANHOE GRAHAM : | |
|     Petitioner : | |
|     v. : | Crim. No. 3:00cr58(AHN) |
| : | Civ.  No. 3:01cv177(AHN) |
| UNITED STATES OF AMERICA : | |
|     Respondent : | |

RULING ON MOTIONS PURSUANT TO FED. R. CIV. P. 59(e) AND 60(b)

Pending before the court are two pro se motions filed by petitioner Damon Graham ("Graham"): (1) a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e)[1] [dkt. # 74]; and (2) a "Motion Pursuant to Fed. R. Civ. P. 60(b) to Vacate, and Motion for Leave to Reply to Government's Response" [dkt. # 76].  On August 22, 2006, the court entered an electronic order denying Graham's motion for reconsideration [dkt. # 84].  This opinion sets forth the court's reasons for denying that motion. Additionally, for the following reasons, Graham's pending motion to vacate and reply to the government's response is also denied.

FACTS AND PROCEDURAL HISTORY

On July 7, 2000, Graham pleaded guilty to conspiracy to distribute more than five grams of cocaine base in violation of

---

[1] Graham also moved for reconsideration pursuant to Fed. R. Civ. P. 52(b), which provides that a court "may amend its findings – or make additional findings – and may amend the judgment accordingly."  Because motions under Rules 52(b) and 59(e) are reviewed under the same standard, the court will not separately address Graham's Rule 52(b) motion and instead will consider it as part of his Rule 59(e) motion.  See, e.g., Bissell-Wisniowski v. Milford Council of Aging, No. 03-1252, 2004 WL 2634455, at *1 (D. Conn. Nov. 16, 2004) (considering Rules 52(b) and 59(e) under the same standard).

21 U.S.C. § 846.  He was sentenced to 120-months imprisonment.

In the plea agreement, Graham and the government stipulated to a base offense level of 26.  They also stipulated to recommended adjustments, including a two-level enhancement for possession of a weapon, a two-level enhancement for use of a minor in the conspiracy, and a three-level reduction for acceptance of responsibility.  The plea agreement also contained the following reservation: "The Government reserves the right to argue for an additional two-level adjustment under U.S.S.G. § 3C1.1 for obstruction of justice.  The defendant reserves the right to oppose such an enhancement."  (Plea Agreement at 3 [dkt. # 30]).  Graham, represented by counsel, signed this agreement after a full canvas by the court.

Prior to the sentencing hearing, Graham, addressing the court by letter, argued that the court did not have jurisdiction over him because the indictment listed his name as "DAMON IVANHOE GRAHAM," in all capital letters, whereas Graham wrote his name by capitalizing only the first letter of his first and last names.

At the sentencing hearing, the government, pursuant to the reservation in the plea agreement, moved for an obstruction of justice enhancement.  In opposition, Graham's counsel argued that there was not enough evidence to support such an enhancement.

Prior to the conclusion of the sentencing hearing, the court asked Graham whether he wished to make a statement.  Instead of

addressing the arguments made by his counsel, Graham reargued the substance of his letter to this court, i.e., the court did not have jurisdiction over him because the indictment incorrectly spelled his name in all capital letters.

The court rejected this jurisdiction argument and found that the obstruction of justice enhancement was supported by evidence demonstrating that Graham, prior to his indictment, attempted to persuade his girlfriend, Vivian Rogers ("Rogers"), to testify falsely before a grand jury. The court's conclusion was based in large part on Rogers's plea agreement with the government, which she entered in connection with her guilty plea to a charge of making a false declaration to a grand jury. According to her plea agreement, Rogers admitted that, at the request of Graham and others, she perjured herself before the grand jury by testifying that, of the approximately $40,000 that the police recovered from Graham along with the narcotics, only $4,000 belonged to Graham. Rogers had previously told the police that she believed that approximately $38,000 belonged to Graham. Accordingly, based in part on the 3C1.1 enhancement for obstruction of justice, the court sentenced Graham to 120-months imprisonment.

Following his sentencing, Graham appealed. Claiming to be an "un-named third party," Graham filed a pro se notice of appeal stating his intention to again argue that the court lacked

jurisdiction over him because of the indictment's formulation of his name.  Thereafter, the Second Circuit ordered Graham's counsel to file a brief on his behalf.  In that brief, Graham's counsel did not assert error with regard to the obstruction of justice enhancement, but merely argued that the indictment was defective because it listed Graham's name in all capital letters.  The court of appeals rejected this argument and affirmed Graham's conviction.  See United States v. Rogers, No. 00-1693, 2001 WL 668516, at *2 (2d Cir. June 12, 2001).

Thereafter, Graham moved in this court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence on the grounds that: (1) he received ineffective assistance of counsel on appeal; (2) the government violated the plea agreement by seeking a two-level enhancement for obstruction of justice; and (3) the court erred by granting the obstruction of justice enhancement.  The court denied his petition on May 17, 2002, ruling that Graham's claims regarding his plea agreement and the obstruction of justice enhancement were procedurally defaulted because he failed to raise them on appeal.  As to Graham's ineffective assistance of counsel claim, the court found that he failed to demonstrate that his counsel's appellate representation was constitutionally defective under Strickland v. Washington, 466 U.S. 668 (1984).

Graham timely filed the instant motion for reconsideration of the court's ruling pursuant to Fed. R. Civ. P. 59(e). Shortly after filing that motion for reconsideration, but before the court considered it, Graham also filed the instant "Motion Pursuant to Fed. R. Civ. P. 60(b) to Vacate, and Motion for Leave to Reply to Government's Response." In both motions, Graham contends that his appellate counsel was ineffective.

## DISCUSSION

I.   Motion for Reconsideration Pursuant to Rule 59(e)

The standard for granting a motion for reconsideration under Fed. R. Civ. P. 59(e) is "strict." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration will "generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." Id. "Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." Gold v. Dalkon Shield Claimants Trust, No. 82-383, 1998 WL 422900, at *2 (D. Conn. July 16, 1998). Rulings under Rule 59(e) are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Finally, "a motion to

reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Graham states that "the Court has made an error in interpreting facts of [sic] the law," which the court interprets to mean that Graham seeks to "correct a clear error of law or prevent a manifest injustice." However, in this motion, he merely rehashes the same arguments he made in his § 2255 motion, that is, his appellate counsel should have appealed the sentence enhancement for obstruction of justice because it allegedly violated his plea agreement.

Because the court has already considered and rejected Graham's arguments in connection with his § 2255 petition, those arguments may not be relitigated on a motion for reconsideration. "Rule 59(e) may not be used to religitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Slattery v. Clinton, No. 96-2366, 1997 WL 291868, at *1 (S.D.N.Y. June 2, 1997) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995)). Graham has neither presented new evidence nor raised new arguments on any of the issues surrounding the court's obstruction of justice enhancement of his sentence. While Graham cites different caselaw, this does

not constitute "new" law that is sufficient to warrant reconsideration of the court's prior analysis.

Nevertheless, even if the court were to revisit the issue, it would again conclude that Graham had not received constitutionally defective representation because he did not suffer "prejudice" when his appellate counsel chose not to argue that the obstruction of justice enhancement was unsupported by evidence or that the government violated his plea agreement.

To demonstrate ineffective assistance of counsel under Strickland v. Washington, a movant must show that: (1) his counsel's performance "fell below an objective standard of reasonableness;" and (2) his counsel's errors resulted in prejudice to the movant. See 466 U.S. at 688, 691-92. Under the first, "performance" prong, the movant "must show that counsel's performance was outside the wide range of professionally competent assistance . . . ." Brown v. Artuz, 124 F.3d 73, 79-80 (2d Cir. 1997) (citation and quotation omitted). As the Strickland standard is applied to appellate counsel, the movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Under the second, "prejudice" prong, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different."

Brown, 124 F.3d at 79-80.

Even if the court assumed that Graham had satisfied the defective performance prong, his claim would still fail because Graham has not shown that he suffered "prejudice" from his counsel's failure to raise the sentence enhancement and plea agreement violation issues on appeal.[2] The plea agreement entered into between Graham and the government plainly stated that the government reserved the right to argue for an obstruction of justice enhancement. Likewise, the agreement provided that Graham could argue against such an enhancement, and his counsel did make such an argument. Based on the evidence presented by the government at Graham's sentencing hearing, including Roger's plea agreement, this court found that Graham

---

[2] The crux of Graham's argument as to prejudice is as follows:
> The prejudice prong is easily established in this case. Given the fact that Ground Three [obstruction of justice enhancement] was objected to at sentencing, and in Ground Three Defendant established that the claim is at least debatable among jurists of reason with the Second Circuit, there is at the very least that, had Mr. Graham's counsel raised the issue on appeal, Mr. Graham would have prevailed.

(Mot. Recons. at 6 [dkt. # 74]). As this excerpt demonstrates, while Graham summarily concludes that his argument is "at least debatable among jurists of reason," he otherwise fails to give any reason why the obstruction of justice enhancement was unwarranted or why the government's pursuit of this enhancement violated his plea agreement. The mere fact that Graham's counsel objected to the obstruction of justice enhancement at sentencing does not demonstrate that the result of his appeal "would have been different." Brown, 124 F.3d at 80.

had attempted to obstruct justice by persuading Rogers to change her grand jury testimony and, therefore, enhanced his sentence accordingly.  In light of the factual support for the enhancement, the court cannot say that the issues that appellate counsel failed to raise are so meritorious that, if they had been raised, the result of his appeal "would have been different," as required by Strickland.  Therefore, the court denies Graham's motion for reconsideration.

> II.  Motions to Vacate Pursuant to Fed. R. Civ. P. 60(b) and for Leave to Reply to Government's Response

Graham has moved pursuant to Fed. R. Civ. P. 60(b) for an order vacating the court's denial of his § 2255 petition so that he can file a response to the government's opposition to that petition.  Although Graham does not specify which subsection of Rule 60(b) he relies on, the court finds only subsections (1) and (6) would be applicable.  Subsection (1) addresses "mistake, inadvertence, surprise, or excusable neglect" in connection with a habeas proceeding and not in connection with the trial at which the habeas proceeding is aimed."  See Stantini v. United States, 268 F. Supp. 2d 168, 178 (E.D.N.Y. 2003).  Subsection (6) provides relief "for any other reason."  But under this subsection, relief is only available for "extraordinary circumstances" or "extreme hardship."  See Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004).

Graham argues that because the government inadvertently

mailed its opposition to his § 2255 petition to the incorrect correctional institution, he did not receive it in time to file a reply brief before the court denied his petition.  He argues "that if [he] had the opportunity to respond to the government's pleadings[, then] the Court's decision would have been different."  The court disagrees.

While the court understands Graham's frustration at not receiving the government's opposition in time to file a response, "[r]eply briefs are not required and the absence of a reply brief will not prejudice the moving party."  D. Conn. L. Civ. R. 7(d).  Moreover, Graham had the opportunity to advance his arguments in his Rule 59(e) motion for reconsideration.[3]  The court has considered all of Graham's arguments in connection with these motions and finds them to be without merit.

## CONCLUSION

For the foregoing reasons, Graham's motion for reconsideration [dkt. # 74] and his motions to vacate and to reply to government's response [dkt. # 76] are DENIED.

---

[3] The court also notes that Graham asserted the same argument in a second § 2255 petition, which he filed with this court following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  The court summarily denied that petition as successive, and Graham subsequently filed a motion for reconsideration pursuant to Rule 59(e).  The court denied that motion as well and instructed Graham to direct further collateral challenges to his conviction or sentencing to the Second Circuit, as provided by 28 U.S.C. § 2244.  See Graham v. United States, No. 06-83 (D. Conn. filed Jan. 1, 2006).

SO ORDERED this 16th day of November, 2006 at Bridgeport, Connecticut.

```
                            /s/
                       Alan H. Nevas
                 United States District Judge
```