UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR58 (AHN) |
| | : | |
| | : | |
| DAMON IVANHOE GRAHAM | : | JANUARY 23, 2008 |

**GOVERNMENT'S RESPONSE TO MOTION TO REDUCE
SENTENCE PURSUANT TO TITLE 18, U.S.C. § 3582(c)**

By pro se motion filed November 8, 2007, Damon Ivanhoe Graham moved for a modification of his sentence pursuant to 18 U.S.C. § 3582(c). In particular, Graham sought to be re-sentenced based upon a change to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007. The Government responded to that motion on or about November 9, 2007, requesting that the motion be denied as moot since the Commission had not yet then acted on the proposal to make the change to the crack guidelines retroactive. On December 11, 2007, however, by Amendment 706, the Commission made the crack guidelines retroactive and, thereafter, the defendant filed a "rejoinder" on about December 17, 2007, asking the Court to "effect the retroactive application of Amendment 706 and modify Defendant's sentence accordingly." According to the Bureau of Prisons website, Graham's projected release date is presently July 1, 2010.

For the reasons stated herein the Government respectfully submits that the Court defer acting on the defendant's motion until March 3, 2008. At that time, the Government respectfully submits

that the Court should not exercise its discretion to lower the defendant's sentence pursuant to Amendment 706 or, alternatively, that any reduction be limited to a reduction to 108 months.

## I.    Prior Proceedings

On March 23, 2000, a federal grand jury returned an indictment charging Graham and a co-defendant (Vivian Rogers) with conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 846.    On July 7, 2000, petitioner entered a plea of guilty to this charge before the Honorable Holly B. Fitzsimmons, United States Magistrate Judge.

On September 25, 2000, this Court sentenced the defendant principally to 120 months imprisonment, to run consecutively to an unrelated state sentence.    In that connection, the Presentence Report calculated Graham's Base Offense Level at 26 (based upon Section 2D1.1(c)(7) under which 5-20 grams of crack was then 26), added two levels for a firearm pursuant to Section 2D1.2(b)(1), added two level for using a minor to commit the offense pursuant to Section 3B1.4, added two levels for obstruction of justice pursuant to Section 3C1.1, and subtracted three levels for acceptance of responsibility pursuant to Section 3E1.1, yielding a total offense level of 29.    Accordingly, the guideline range determined by the Court was 108-135 months based upon a total offense level 29 and a Criminal History Category III.    (See 9/25/00 Tr. at 18-19) (attached as Exhibit 1).    The Court sentenced Graham to a term of

2

120 months' imprisonment, followed by five years of supervised release. (Id. at 27).[1]

## II.  **Response to Motion to Reduce Sentence**

### A.  **Retroactivity Does Not Go Into Effect Until March 2008**

The effective date of the Sentencing Commission's action making the crack cocaine amendments retroactive is March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); Ebbole v. United States, 8 F.3d 530, 539 (7th

---

[1] On June 12, 2001, the United States Court of Appeals for the Second Circuit affirmed the Graham's conviction. United States v. Rogers, 16 Fed.Appx. 38, 2001 WL 668516 (2d Cir. 2001). Thereafter, Graham filed a Section 2255 motion which this Court denied on or about May 17, 2002. Graham's motions pursuant to Fed.R.Civ.P. 59(e) and 60(b) were also denied on November 16, 2006. On January 17, 2006, he filed a second Section 2255 petition which this Court summarily dismissed and, on April 21, 2006, this Court also denied Graham's motion pursuant to Fed.R.Civ. 59(e) to reconsider dismissal of that second petition noting that any further collateral challenges should be directed to the Court of Appeals.

Cir. 1993); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003); <u>see</u> <u>also</u> <u>Pierre Louie v. United States</u>, 2008 WL 114468 at *7 (D. Me. Jan. 1, 2008)(amendment 706 becomes retroactive on March 3, 2008 "meaning, that as of that date, impacted defendants serving *eligible* sentences may be able to move for a sentence reduction pursuant to 18 U.S.C. § 3582(c)).

The Sentencing Commission has not permitted a reduction to a crack cocaine sentence prior to March 3, 2008, and therefore the courts are without authority to apply the amendments as retroactive before that date. Indeed, the United States District Court for the Southern District of Illinois has stayed all Section 3582(c) motions based on Amendment 706 until March 3, 2008. <u>See</u> <u>United States v. Wommack</u>, 2008 WL 78782 at *1 (S.D. Ill. Jan. 7, 2008).[2]

Nevertheless, for the convenience of the Court and to facilitate the orderly disposition of the pending motions resulting from the amendment, the government presents its response at

---

[2]The Sentencing Commission so acted given the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners. Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

this time.[3]

**B.     The Court Has Discretion to Reduce Graham's Sentence <u>But is Not Required to Do So</u>**

The defendant is correct that Amendment 706 would reduce the guideline range applicable in his case and, therefore, the Court may consider whether to reduce his sentence.  Specifically, the base offense level in this case is now 24, pursuant to amended Section 2D1.1; when combined with the other guideline applications made earlier, the final offense level is 27.  At the established criminal history category of III, this would result in a sentencing range of 87-108 months.  This is a reduction from the previously applied range of 108-135 months.

---

[3]The Court may act on this motion without the defendant's presence.  U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  In addition, Fed.R.Cim.P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).  Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the BOP, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c).  <u>See, e.g.</u>, <u>Anderson v. United States</u>, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required") (emphasis in original); <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); <u>United States v. Tidwell</u>, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

### 1.  Whether to Reduce the Sentence is Committed to the this Court's Sound Discretion

Although the defendant **may** qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic.  This Court's discretion is set forth in Section 3582(c)(2) itself, which provides:  "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[4] see also United States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992)(up to district Court, in the first instance, to determine, on application or *sua sponte,* to what extent, if any, it has authority to apply retroactive amendment and whether, even if the Court decides (or assumes, for purposes of an

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors.  The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines."  Vautier, 144 F.3d at 759.

application) that it has adequate authority to apply the amendment, it wishes to exercise its discretion to do so.").

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[5]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information

---

[5] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

in applying the Section 3553(a) factors and determining whether and
by how much to reduce the defendant's sentence.  In particular, the
Court must consider public safety considerations, and may consider
information regarding the post-sentencing conduct or situation of
the defendant, whether positive or negative.  Revised application
note 1(B)(ii) directs that "[t]he court shall consider the nature
and seriousness of the danger to any person or the community that
may be posed by a reduction in the defendant's term of
imprisonment."  Revised application note 1(B)(iii) further directs
that "[t]he court may consider post-sentencing conduct of the
defendant that occurred after the imposition of the original term
of imprisonment."  The application note explains that these factors
are relevant in determining whether and by how much to reduce a
sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce Graham's sentence, the extent
of the reduction is strictly limited.  Congress delegated to the
Sentencing Commission the authority to determine to what extent a
sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. §
994(u).  The Commission, in turn, directed in Section 1B1.10(b)
that, with one exception (where the defendant earlier received a
below-guideline sentence (which was not the case here), "the court
shall not reduce the defendant's term of imprisonment under 18
U.S.C. § 3582(c)(2) and this policy statement to a term that is less
than the minimum of the amended guideline range determined under

subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[6] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.[7]

_____

[6] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

[7] Application note 4(B) states that if the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a

>  **2.    Applying the Factors Set Forth in 18 U.S.C. §
>  3553(a), this Court Should Not Exercise its
>  Discretion to Reduce Graham's Sentence or Should
>  Limit the Extent of its Reduction**

Accordingly, while as of March 3, 2008, this Court has the authority to resentence the defendant to a term of imprisonment of between 87-108 months, it is not obligated to do so.   In this connection, as part of his plea agreement with the government, the defendant entered into a stipulation with the Government in which he agreed:

> From in or about February 1999 and continuing through in or about June 1999, the defendant conspired with Cory James, Vivian Rogers and others to distribute more than five grams of cocaine base/crack cocaine.
>
> In this regard, on or about June 4, 1999, the defendant made a telephone call from a Connecticut correctional facility.  That call was recorded.  During the telephone call, the defendant asked a minor female to give his associate, Cory James, a scale and more than five grams of crack cocaine.  Additionally, the defendant gave Vivian Rogers telephone numbers of his narcotics customers and asked Vivian Rogers to give those numbers to Cory James.  His purpose in so doing was to have Cory James continue the defendant's drug trafficking operation while the defendant was in custody.  The defendant knew and intended that the narcotics he asked the minor female to deliver to Cory James would be packaged and sold to customers.
>
> During the course of the conspiracy and in furtherance of his drug trafficking, the defendant possessed dangerous weapons,

term of supervised release under 18 U.S.C. § 3583(e)(1).  That issue is not ripe, however, with regard to a current prisoner.  A court may not reduce a term of supervised release under a motion pursuant to Section 3582(c)(2).  The matter must await a motion under Section 3583(e)(1) filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released."  18 U.S.C. § 3583(e)(1).

including, but not limited to, a Smith & Wesson .9 mm semi-automatic pistol and a Desert Eagle .50 caliber pistol.[8]

See Plea Agreement Letter dated July 7, 2000 at 8 (Attached hereto as Exhibit 2). In addition, the Probation Office and Court found that an obstruction of justice enhancement was appropriate since the defendant influenced and encouraged his girlfriend, Vivian Rogers, to commit perjury before the grand jury which was investigating the criminal conduct in this case. (See 9/25/00 Tr at 18-19).

As such, Graham's underlying conduct involved a toxic combination of: drug dealing in crack cocaine; possession of, among other things, a Smith & Wesson nine millimeter semi-automatic pistol; subornation of perjury; and the fact that the defendant used his then 15 year old sister in furtherance of the offense. In the Government's view, the sentence imposed by the Court in the first instance was an appropriate one given those factors which the Court applies in assessing whether it should exercise its discretion to reduce the defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

---

[8]As noted in paragraph 11 of the PSR, the officers also recovered $40,000 in a safe, a bulletproof vest and shoulder holster, and $1,950 in counterfeit currency.

12

        (C) to protect the public from further crimes of the defendant. . .

18 U.S.C. § 3553(a).[9]

In addition, the Court may wish to consider that while incarcerated, on July 25, 2005, Graham was sanctioned by the Bureau of Prisons for insolence while incarcerated at FCI Fort Dix. As reflected in the attached Incident Report, when asked to return to his unit, Graham replied "I hate everyone in this fucking place, and you can all suck my dick." (See Exhibit 3). While admittedly a single incident where the defendant was found in violation of prison rules, it brings into question whether Graham's attitude has really changed from his truculent and defiant demeanor at his sentencing. (See, e.g., 9/25/00 Tr. at 6-11, 22-25).

In any event, the Government notes that the Court's sentence was not at the bottom of the then-applicable guideline range but, instead, in the approximate middle of that range at 120 months. Accordingly, should the Court elect to exercise its discretion to reduce the defendant's sentence, it may want to consider reducing the sentence to 108 months which is approximately in the middle of the defendant's now applicable guideline range.

---

[9]Prior to the instant conviction, Graham had sustained two prior felony convictions for narcotics, the latter of which – the March 16, 2000 conviction – arose out of a March 6, 1998 arrest which actually involved Graham's attempted gun-point robbery which happened – fortuitously for the victims – to be interrupted by the execution of a search warrant. (See 9/25/00 Tr. at 25; PSR at ¶¶ 34 and 35).

13

### III. <u>Conclusion</u>

It is respectfully requested that the Court defer acting on the defendant's motion until March 3, 2008. At that time, the Government respectfully submits that the Court should not exercise its discretion to lower the defendant's sentence pursuant to Amendment 706 or, alternatively, that any reduction be limited to a reduction to a sentence of no less than 108 months' imprisonment.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct08083
23d Floor
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700

14

## CERTIFICATE OF SERVICE

     I hereby certify that on this 23rd day of January, 2008, I caused a copy of the foregoing Response to be sent by first-class mail, postage prepaid, to the following:

     Damon I. Graham
     Prisoner No. 13787-014
     FMC Devens, Unit H-A
     P.O. Box 879
     Ayer, MA.  01432

     Ray Lopez
     Senior United States Probation Office
     United States Probation Office
     Room 211
     915 Lafayette Blvd.
     Bridgeport, Ct.  06604

_____

                ANTHONY E. KAPLAN
                ASSISTANT UNITED STATES ATTORNEY