30



U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Abraham A. Ribicoff Federal Building*   (860) 947-1101
*450 Main Street, Room 328*
*Hartford, Connecticut 06103*

July 7, 2000

John R. Williams, Esq.
Williams & Pattis
51 Elm Street
New Haven, CT 06510

          Re:    United States v. Damon Graham
                 Criminal No. 3:00CR058(AHN)

Dear Mr. Williams:

      This letter confirms the plea agreement entered into between your client, Damon Graham (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

### The Plea and Offense

      The defendant agrees to plead guilty to Count One of the Indictment which charges him with Conspiracy to Possess With Intent to Distribute more than 5 grams of cocaine base/crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He understands that, in order to be guilty of this offense, the following essential elements must be satisfied:

      1.    The conspiracy charged in Count One of the Indictment must have existed; and

      2.    The defendant knowingly and intentionally became a member of that conspiracy.

### The Penalties

      This offense carries a maximum penalty of forty (40) years' imprisonment, a $2,000,000 fine, and a mandatory minimum penalty of five (5) years' imprisonment. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least four (4) years and as much as life to begin at the expiration of any term of imprisonment imposed.

      The defendant understands that should he violate any condition of the supervised release during

EXHIBIT 2

John R. Williams, Esq.
-- Page 2 --

its term, he may be required to serve a further term of imprisonment equal to the period of supervised release with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (I) and 3612(g).

Forfeiture

The defendant forfeits any claim to future possession or ownership of the money and weapons seized on June 10, 1999 from 64 Chamberlain Avenue, New Haven, Connecticut.

Sentencing Guidelines

   1.   Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

   2.   Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three (3) levels the defendant's Adjusted Offense Level under section 3E1.1 of the Sentencing Guidelines,

2

John R. Williams, Esq.
-- Page 3 --

based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. These recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

As noted above, the Government will not agree to the three-level reduction if the defendant fails to meet any of the conditions set forth in the preceding paragraph. In addition, the Government will not agree to the three-level reduction if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline section 3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, he does not receive the three-level reduction under § 3E1.1.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline section 3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### 3. Guideline Calculation

The Government and the defendant calculate the defendant's base offense level under U.S.S.G. § 2D1.1(c)(7) to be level 26. Additionally, the Government and the defendant stipulate and agree that a two-level adjustment under U.S.S.G. § 2D1.1(b)(1) applies because the defendant possessed a dangerous weapon. The Government and the defendant further stipulate and agree that a two-level adjustment under U.S.S.G. § 3B1.4 applies because the defendant used a person less than eighteen years of age to commit the offense.

The Government reserves the right to argue for an additional two-level adjustment under U.S.S.G. § 3C1.1 for obstruction of justice. The defendant reserves his right to oppose such an enhancement.

The defendant expressly understands that the Court is not bound by this agreement on the Guidelines. The defendant further expressly understands that he will not be permitted to

3

000003

John R. Williams, Esq.
-- Page 4 --

withdraw the plea of guilty if the Court calculates the defendant's sentence in a manner other than that set forth in this agreement.

    4.    <u>Appeal Rights Regarding Sentencing</u>

The parties reserve their respective right to appeal and to oppose each other's appeal of the sentence imposed as permitted by the statute.

    5.    <u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

    6.    <u>Information to the Court</u>

The Government and the defendant expressly reserve their respective rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

<u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about

4

John R. Williams, Esq.
-- Page 5 --

each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Acknowledgment of Guilt; Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. §§ 862 and 862a and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal

John R. Williams, Esq.
-- Page 6 --

liability of the defendant in the District of Connecticut as a result of his participation in the Possession With Intent to Distribute cocaine base/crack cocaine which forms the basis of the Indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. The defendant, however, will not be permitted to withdraw his plea of guilty.

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

STEPHEN C. ROBINSON
UNITED STATES ATTORNEY

Nancy V. Gifford

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY

000006

John R. Williams, Esq.
-- Page 7 --

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts the terms thereof.

_____          7/7/00
DAMON IVANHOE GRAHAM                      Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____          7/7/00
JOHN R. WILLIAMS, ESQ.                    Date
Attorney for the Defendant

7

John R. Williams, Esq.
-- Page 8 --

## STIPULATION OF OFFENSE CONDUCT

The defendant Damon Ivanhoe Graham and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count One of the Indictment in this case:

From in or about February 1999 and continuing through in or about June 1999, the defendant conspired with Cory James, Vivian Rogers and others to distribute more than five grams of cocaine base/crack cocaine.

In this regard, on or about June 4, 1999, the defendant made a telephone call from a Connecticut correctional facility. That call was recorded. During the telephone call, the defendant asked a minor female to give his associate, Cory James, a scale and more than five grams of crack cocaine. Additionally, the defendant gave Vivian Rogers telephone numbers of his narcotics customers and asked Vivian Rogers to give those numbers to Cory James. His purpose in so doing was to have Cory James continue the defendant's drug trafficking operation while the defendant was in custody. The defendant knew and intended that the narcotics he asked the minor female to deliver to Cory James would be packaged and sold to customers.

During the course of the conspiracy and in furtherance of his drug trafficking, the defendant possessed dangerous weapons, including, but not limited to, a Smith & Wesson .9mm semi-automatic pistol and a Desert Eagle .50 caliber pistol.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
DAMON IVANHOE GRAHAM
The Defendant

_____
JOHN R. WILLIAMS, ESQ.
Attorney for the Defendant

_____
NANCY V. GIFFORD
Assistant U.S. Attorney

I hereby certify that the foregoing is a true copy of the original document on file. Date: March 19, 2001

KEVIN F. ROWE
Clerk

By_____
Deputy Clerk

8

000008