UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :
                                  :
v.                                :        Crim. No. 3:00-cr-58 (AHN)
                                  :
DAMON GRAHAM                       :

RULING ON MOTION FOR RECONSIDERATION OF
ORDER REDUCING SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

The court recently entered an order reducing Graham's
sentence pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment
by the United States Sentencing Commission, which lowered the
guideline range applicable to the offense for which Graham was
convicted and sentenced.  Graham now moves the court for
reconsideration of this order and asks the court to reduce his
sentence further [doc. # 96].  For the reasons given below, the
court grants Graham's motion for reconsideration but adheres to
its original order.

On July 7, 2000, Graham pleaded guilty to conspiracy to
distribute more than five grams of cocaine base ("crack cocaine")
in violation of 21 U.S.C. § 846.  The presentence report
calculated his base offense level at 26 pursuant to U.S.S.G.
2D1.1(c)(7).  To this base offense level, the presentence report
added: two levels for possession of a firearm pursuant to
U.S.S.G. § 2D1.2(b)(1); two levels for using a minor to commit
the offense pursuant to U.S.S.G. § 3B1.4; and two levels for
obstruction of justice pursuant to U.S.S.G. § 3C1.1.  The
presentence report also subtracted three levels for acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1.  These calculations resulted in a total offense level of 29.  Based on a determination that Graham had a criminal history category III, the presentence report concluded that the applicable guideline range for Graham's sentence was 108 to 135 months of imprisonment.

On September 25, 2000, the court adopted the findings in the presentence report and sentenced Graham to 120 months of imprisonment and five years of supervised release.  Graham appealed and the Second Circuit affirmed his conviction and sentence.  United States v. Rogers, 16 Fed. App'x 38, 2001 WL 668516, at *1 (2d Cir. 2001).[1]

In 2007, the United States Sentencing Commission issued Amendment 706, which lowered the base offense level applicable to offenses involving crack cocaine.  See U.S.S.G. § 1B1.10(c). "Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the drug quantity table in § 2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances."  United States v. Pizarro, No. 98-cr-148-01-PB, 2008 WL 351581, at *1 (D. N.H. Feb. 8, 2008).  The Sentencing Commission also applied the

---

[1] Graham also filed multiple habeas petitions and motions for reconsideration, none of which the court found had any merit.

amendment retroactively. Thus, defendants who were sentenced under the prior version of § 2D1.1 and who are incarcerated may be eligible for a reduction in their terms of incarceration, effective March 3, 2008. Id.

Shortly after the Sentencing Commission issued Amendment 706, Graham moved the court for a reduction in his sentence pursuant to § 3582(c)(2), which permits the court to retroactively reduce a defendant's term of imprisonment where he was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." He argued that by virtue of Amendment 706 he was entitled to a retroactive two-level reduction of his sentence in accordance with the newly amended § 2D1.1 because he was sentenced for an offense involving crack cocaine under the former § 2D1.1.

Neither the government nor the probation office disputed that Graham qualified for a sentence reduction under § 3582(c)(2). Under that section, any reduction must be consistent with policy statements issued by the Sentencing Commission. The applicable policy statement provides:

>In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

Consistent with this policy statement, the probation office issued an addendum to the presentence report, which found that, under the revised § 2D1.1, Graham's applicable adjusted guideline range was 87 to 108 months of imprisonment. The addendum, however, did not change any other findings in the original report, specifically that Graham had a criminal history category III; that his conduct warranted enhancements for obstruction of justice, possession of a gun during the conspiracy, and use of a minor in the conspiracy; and that his acceptance of responsibility warranted a three-level reduction. The addendum recommended a reduction of his sentence to 108 months based on the public safety factors that were implicated by Graham's offense conduct. See U.S.S.G. § 1B1.10 (Application Note 1(A)(ii)) (stating that the court "shall consider the nature and seriousness of the danger to any person or the community that may

-4-

be posed by a reduction in the defendant's term of imprisonment in determining . . . the extent of such reduction . . . ").  On March 18, 2008, the court issued an order reducing Graham's sentence from 120 to 108 months of imprisonment [doc # 95].

Graham now moves for reconsideration of that order and seeks a further reduction of his sentence to 96 months.  He argues that a 96-month sentence is more appropriate in that it is proportional to the original sentence imposed under the prior applicable guideline range.  According to Graham, because the original 120-month sentence was 44% greater than the bottom of the then-applicable guideline range of 108 to 135 months, his reduced sentence should also be 44% greater than the bottom of the amended guideline range of 87 to 108 months.  Graham also argues that a 96-month sentence is warranted given his efforts to educate himself while incarcerated and that his mother has become ill and he will care for her when he is released.

The government does not agree.  It maintains that a 108-month sentence is appropriate considering Graham's "drug dealing in crack cocaine; possession of, among other things, a Smith & Wesson nine millimeter semi-automatic pistol; subornation of perjury; and . . . [use of] his then 15 year old sister in furtherance of the offense."  (Gov.'s Response to Motion to Reduce Sentence at 12.)  The government also emphasizes that one of Graham's prior felony convictions involved a gun-point robbery

-5-

that only happened to be interrupted by the execution of a search warrant.  The government further points out that Graham, while incarcerated, was sanctioned by the Bureau of Prisons for insolence in 2005.

In addition, the probation office provided the court with a Bureau of Prisons Progress Report, which indicates that Graham also was sanctioned on January 25, 2008 for interference with a staff member and disruptive conduct.

After consideration of the relief already afforded Graham by § 3582(c)(2) and Amendment 706, the parties' arguments, and the factors under 18 U.S.C. § 3553(a), the court still finds that the recently reduced sentence of 108 months is sufficient but not greater than necessary to provide just punishment for the offense, to afford adequate deterrence to further criminal conduct, and to protect the public safety.  The court notes that Graham committed a very serious offense, which included possessing a firearm, using a minor in furtherance of the

conspiracy, and attempting to obstruct justice.[2]  While the
positive efforts Graham has made toward bettering himself during
incarceration are commendable, they are overshadowed by the
seriousness of the offense conduct and his disciplinary problems
while incarcerated.  Indeed, these infractions, the latest of
which occurred only a few months ago, undermine Graham's
contention that the relevant conduct should not be given much
weight because it took place almost a decade ago and that "such
behavior is not consistent with [his] current character."
(Graham's Mem. in Support of Mot. to Amend J. at 6 n.3.)  Thus, a
sentence less than 108 months would not adequately reflect the
seriousness of Graham's offense, deter Graham from future crimes,
or protect the public safety.

<u>CONCLUSION</u>

     For these reasons, the court GRANTS Graham's motion for
reconsideration [doc. #96], but adheres to its order sentencing

---

     [2]  Graham argues that the court should, in effect,
mechanically reduce his sentence by 44-percent and not consider
his relevant offense conduct in determining where within the new
guidelines range his sentence should fall because the court
already factored this conduct into the sentence of 120 months of
imprisonment.  But simply because the court once found 120 months
of imprisonment warranted under a greater guideline range does
not necessarily mean that it finds a proportional term of
imprisonment appropriate under a lesser guideline range.
Considering the audacity with which Graham pursued his relevant
criminal conduct and his two disciplinary actions, the court
finds that a sentence at the top of the reduced guideline range
is appropriate under § 3553(a).  Such considerations are
consistent with the policy statement issued by the Sentencing
Commission.  <u>See</u> U.S.S.G. § 1B1.10 (Application Note 1(A)(ii).

him to 108 months of imprisonment.

    So ORDERED this 17th day of April 2008, at Bridgeport,

Connecticut.

                                   /s/
                                   Alan H. Nevas
                                   United States District Judge